**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                             No. CR 10-1361 JB

JARIN P. SCOTT,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed March 3, 2011 (Doc. 65). The Court held a hearing on March 8, 2011. The primary issue is whether the Court should accept the parties' plea agreement, which stipulates to a sentence of 36 months. The Court sentences Defendant Jarin P. Scott to 36 months incarceration.

       The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Scott on February 10, 2011. In the PSR, the USPO calculated Garner's offense level to be 16 and his criminal history category to be I, establishing a guideline imprisonment range of 21 to 27 months. There being no objection to the factual findings and sentencing calculations in the PSR, the Court adopts them as its own. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 36-month sentence, as the Court is satisfied that the agreed offense level departs for justifiable reasons.

       In the plea agreement, the parties agreed to a 36-month sentence in exchange for Plaintiff United States of America's dismissal of the charges under 18 U.S.C. § 924(c)(1)(A) for using a firearm in relation to a crime of violence. At the hearing, the Court asked the parties how Scott

avoids the minimum sentence under 18 U.S.C. § 924.  The United States responded that 18 U.S.C. § 924 was a separate count that it was dismissing.  The parties agreed that the Court should sentence Scott in accordance with the plea agreement, and the United States would follow up with the Court with additional authority supporting its position that 18 U.S.C. § 924 is a separate charge, and not a sentencing enhancement.

On March 15, 2011, the United States submitted a letter to the Court.  See Letter from Paula Burnett to Judge James Browning (dated March 15, 2011), filed March 15, 2011 (Doc. 77).  The United States wrote in response to the Court's request for authority in support of its position that 18 U.S.C. § 924(c) sets forth a distinct and separate offense, as opposed to a penalty enhancement. Section 924 of Title 18 is titled "Penalties."  The section provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).  The United States directs the Court to United States v. Hill, 971 F.2d 1461 (10th Cir. 1992)(en banc).  In United States v. Hill, the Tenth Circuit stated:

> At first glance, § 924(c)(1) appears to be a penalty enhancement statute. Section 924 is entitled "Penalties," and its remaining subsections set forth penalties for firearms offenses.  Section 924(c)(1) provides that its penalty is "in addition to the punishment" provided by the underlying crime, and a conviction under

> § 924(c)(1) requires proof that the defendant committed the underlying crime of violence or drug trafficking crime. United States v. Munoz-Fabela, 896 F.2d 908, 910 (5th Cir.), cert. denied, 498 U.S. 824 . . . (1990); United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989) (per curiam), cert. denied, 493 U.S. 1090 . . . (1990). See also H.R. Rep. No. 495, 99th Cong., 2d Sess. 10, reprinted in 1986 U.S.C.C.A.N. 1327, 1335 (construing earlier version of § 924(c) as requiring "proof of the defendant's commission of the [underlying] crime"). Indeed, § 924(c) has been characterized as a "enhancement" statute. See Busic v. United States, 446 U.S. 398, 405 . . . (1980) (characterizing earlier version of § 924(c) as an "enhancement scheme"); Eckert v. Tansy, 936 F.2d 444, 449 (9th Cir. 1991) (citing § 924(c) as example of "weapons enhancement scheme"); United States v. Henning, 906 F.2d 1392, 1399 (10th Cir. 1990) ("924(c) is an enhancement statute"), cert. denied, 498 U.S. 1069 . . . (1991); United States v. Sherbondy, 865 F.2d 996, 1010 n.18 (9th Cir. 1988) ("924(c) . . . is a sentence enhancement provision").
>
> Nevertheless, we recently stated that "section 924(c) creates distinct offenses rather than being merely a sentencing enhancement provision." United States v. Abreu, 962 F.2d 1447, 1451 (10th Cir.1992) (en banc) (citations omitted) (distinguishing conflicting authority and applying principles of lenity and strict construction based on distinction) . . . . See also Simpson v. United States, 435 U.S. 6, 10 . . . (1978) ("[§ 924(c) is] an offense distinct from the underlying federal felony"); United States v. Martinez, 924 F.2d 209, 211 n.2 (11th Cir.) (per curiam) ("924(c)(1) creates a separate offense and separate sentence"), cert. denied, 502 U.S. 870 . . . (1991); Munoz-Fabela, 896 F.2d at 910 ("[924(c)(1) ] constitutes an independent basis for criminal liability"); Hunter, 887 F.2d at 1003 ("924(c)(1) defines a separate crime rather than merely enhancing the punishment for other crimes"). This interpretation finds support in the statutory language which provides that the underlying offense need only be one for which the defendant "may be prosecuted in a court of the United States," and provides for a greater sentence for a "second or subsequent conviction under this subsection." 18 U.S.C. § 924(c)(1) (emphasis added).

971 F.2d at 1463-64. The Tenth Circuit held: "We believe that our recent characterization in Abreu of § 924(c) as a 'distinct' offense rather than 'merely a sentencing enhancement provision' is a correct interpretation of the statute." 971 F.2d at 1464. Accordingly, "a conviction and sentence under § 924(c) requires the full panoply of constitutional safeguards ordinarily granted criminal defendants." 971 F.2d at 1464. The Court agrees, therefore, that § 924(c) is "a 'distinct' offense rather than 'merely a sentencing enhancement provision' is a correct interpretation of the statute." 971 F.2d at 1464.

The Court notes Scott fired two shots from a Remington model 382, 12 gauge shotgun at the apartment number 222 of the Chaco River Apartments in Shiprock, New Mexico, and within the exterior boundaries of the Navajo Nation Indian reservation. Jefferson Nez, Kristin Banally, Michael Walker, and three juveniles were inside the apartment at the time Scott fired the shots. The Court sentences Scott to 36 months in the Bureau of Prisons' custody. The Court has considered carefully the parties' arguments and the circumstances of this case. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Scott's offense. The Court finds that a 36-month sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable, and more reasonable than the one the guidelines recommended. Finally, the Court believes that the 36-month sentence adequately reflects Scott's criminal history, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act. Scott shall be on supervise release for a term of three years following his incarceration.

**IT IS ORDERED** that the Defendant's Sentencing Memorandum, filed March 3, 2011 (Doc. 65) is granted, and the Court sentences Defendant Jarin P. Scott to 36 months incarceration.

                                                                               _____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jack E. Burkhead
Cynthia Weisman
  Assistant United States Attorneys
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Jason Bowles
Bowles and Crow
Albuquerque, New Mexico

     *Attorneys for the Defendant*